JOSEPH I. TRIPODI CO., L.P.A., APPELLANT AND CROSS-APPELLEE, *v.* DUNN, APPELLEE AND CROSS-APPELLANT.

(Nos. CA85A04-029 and CA85A03-023 —Decided October 22, 1985.)

*Joseph I. Tripodi Co., L.P.A.,* and *Richard W. Hinig,* for appellant.

*John L. Woodard* and *Arna Dunn, pro se,* for appellee.

TURPIN, J. Joseph I. Tripodi Co., L.P.A. was retained by Arna Dunn to represent him in a domestic case.

From November 23, 1982 through March 31, 1983, there was no written contract between the parties. During that period, Tripodi completed 4.03 hours of work at $72 per hour, for a total charge of $290.16. Thereafter, a document captioned "CONTRACT" was signed by Dunn on April 28, 1983. From that point until the divorce was completed, Tripodi worked 8.33 hours at $72 per hour for a total fee of $599.26. The document stated that the minimum fee

was to be $1,500. Thereafter, Tripodi submitted a bill for the $290.16 for the initial representation, and $1,500 for the work done after the signing of the contract, plus $55 for monies advanced on the appeal taken, for a total due of $1,845.16. Dunn was given credit for payment of $575 and a court of appeals refund of $31.50, leaving a balance due of $1,238.66. Dunn refused to pay, and litigation was initiated.

As a defense, Dunn took the position that the written agreement was not enforceable as a contract for the reason that it violated public policy. We agree, but actually the case was tried on "quantum meruit." While a trial was held, no testimony was taken, because the parties were able to stipulate to the facts. Also, on the day of trial, the complaint was amended to be an action in "quantum meruit." This was done by agreement of all the parties. The trial court found there was due the appellant the sum of $254.34. It is from this judgment that appellant makes his appeal and claims two assignments of error as follows:

### Assignment of Error No. I

"The trial court erred as a matter of law in failing to find that a valid contract existed between the parties for the reason that there was a signed unambiguous written agreement which did not violate public policy."

### Assignment of Error No. II

"The trial court erred in overruling plaintiff's motion for summary judgment for the reason that plaintiff was entitled to judgment as a matter of law because there was no genuine issue of material fact."

Appellee filed a cross-appeal claiming one assignment of error as follows:

"A minimum fee contract of $1,500.00 in a domestic relations matter is void, contrary to public policy and the court committed error by failing to sustain defendant-appellee and cross-appellant's motion for judgment on the pleadings."

We have considered each assignment of error and make the following disposition.

Appellant's assignments of error one and two are overruled. When the lawsuit was filed, the complaint was based on a written non-refundable $1,500 agreement. At the commencement of the trial, it was agreed and stipulated by counsel for appellant and counsel for appellee that the complaint would be amended to one for "quantum meruit." "Quantum meruit" means "as much as he deserves." It describes the extent of liability on a contract implied by law.

All the evidence in this case was submitted to the trial court by way of stipulation. We find no grounds for disturbing the trial court's judgment. Appellee's sole assignment of error on his cross-appeal is overruled. The reason this assignment of error is overruled is that appellee agreed to proceed on the amended complaint under "quantum meruit." However, in passing we might say that we believe under the facts of this particular case that this written agreement would not be enforceable as a legal contract because it is against public policy.

For the foregoing reasons, all assigned errors being overruled, the judgment of the New Philadelphia Municipal Court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and WISE, J., concur.